

FILED
JUL 27 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SMA, LLC,<br><br>　　　Plaintiff,<br>v.<br><br>CHIEF INDUSTRIES, INC., and<br>DYER CONSTRUCTION COMPANY<br>OF AMERICA,<br><br>　　　Defendants. | Court File NO: 17-3021<br><br>COMPLAINT and<br>JURY DEMAND |

COMES NOW, the Plaintiff, SMA, LLC ("SMA"), as and for its Complaint against Defendants Chief Industries, Inc. ("Chief"), and Dyer Construction Company of America ("Dyer") states and alleges as follows:

## PARTIES

1.   Plaintiff, SMA, LLC, is a Minnesota corporation with its principle place of business located at 113 Chelsea RD, Monticello, Minnesota 55362.

2.   Defendant, Chief Industries, Inc., is a Delaware corporation with its principle place of business located at 3942 West Old Highway 30, Grand Island, Nebraska 68802, and its Agri Division, located at 4400 E 39th Street, Kearney, Nebraska 68847.

3.   Defendant, Dyer Construction Company of America, is an Indiana corporation with its principle place of business located at 2 Todd D, Terre Haute, Indiana 47803.

## CONSTRUCTION PROJECT

4. Plaintiff, SMA, entered into an agreement with Defendant, Chief, on or about February 10, 2015 for the design and purchase of materials to build a new storage building at the South Dakota Wheat Growers Association, ("SDWG") facility at 115 N. Hwy 273, Kennebec, South Dakota 57544 ("The Project").

5. Defendant Chief signed the contract on or about February 10, 2015.

6. Defendant Dyer is a subcontractor retained by SMA to construct and erect the storage facility designed by Chief.

7. On or about October 10, 2016 the storage facility collapsed due to failure of the building columns.

8. The collapse caused substantial damage to the facility and the business of SWDG.

9. Travelers, as the insurance company for SMA, has paid the damages sustained by SWDG and now seeks subrogation from the defendants.

## COUNT I-BREACH OF CONTRACT (CHIEF)

10. Plaintiff incorporates paragraphs 1-9 above, as if fully set forth below.

11. Plaintiff and Defendant Chief entered into a contract for the design of the storage facility and purchase of materials.

12. The Contract required Defendant Chief to perform its duties in a "workmanlike manner".

13. Defendant Chief breached the contract.

14. Defendant Chief's breach caused damage to Plaintiff in an amount

greater than $75,000.00, with the exact amount of $786,635.65.

## COUNT II-NEGLIGENCE (CHIEF)

15. Plaintiff incorporated paragraph 1 through 14 above, as if fully set forth below.

16. Defendant Chief owed Plaintiff a duty of reasonable care while designing and supplying the correct materials for the storage facility.

17. Defendant Chief breached that duty by under designing the columns and the failure to use the proper sized columns.

18. Defendant Chief breached this duty which caused the failure of the columns on the storage facility.

19. Defendant Chief's negligence caused damage to Plaintiff in the amount greater than $75,000.00, with the exact amount of $786,635.65.

## COUNT III-BREACH OF CONTRACT (DYER)

20. Plaintiff incorporates paragraph 1 through 19 above, as if fully set forth below.

21. Plaintiff and Defendant entered into a contract for the Project

22. The Contract was supported by consideration.

23. The Contract required Defendant Dyer to perform its duties in a "workmanlike manner".

24. Defendant Dyer breached the contract.

25. Defendant Dyer's breach caused damage to Plaintiff in an amount greater than $75,000.00, with the exact amount of $786,635.65.

## COUNT IV-NEGLIGENCE (DYER)

26. Plaintiff incorporates paragraph 1 through 25 above, as if fully set forth below.

27. Defendant Dyer owed Plaintiff a duty of reasonable care while working for Plaintiff during its construction of the Project.

28. Defendant Dyer breached this duty by acting negligently on the Project.

29. Defendant Dyers breach of this duty caused the collapse of the storage facility.

30. Defendant Dyer's negligence caused damage to the Project in an amount greater than $75,000.00, with the exact amount of $786,635.65.

## COUNT IV-INDEMNITY (DYER)

31. Plaintiff incorporates paragraph 1 through 30 above, as if fully set forth below.

32. Defendant Dyer agreed to and designated SMA as an additional insured on its insurance policy for the Project

33. As an additional insured Dyer is obligated to defend, indemnify and hold harmless SMA with respect to the damages suffered by SDWG as a result of the collapse of the storage facility.

34. Plaintiff prays for judgment against Dyer for the damages already paid by Travelers for SDWG along with fees and costs of bringing this cause of action in

an amount greater than $75,000.00 with the exact amount of $786,635.65.

WHEREFORE, Plaintiff SMA, LLC, asks the Court, for judgment as follows:

1.   Judgment in favor of Plaintiff in the amount of $786,635.65.

2.   That Plaintiff be awarded its attorney fees, costs and disbursements incurred in this matter; and

3.   For any further relief the Court deems just and equitable.

### Jury Demand

COMES NOW, the Plaintiff and hereby request trial by jury of all issues in the above stated matter.

Dated July 25th, 2017.

                                            Respectfully submitted.

                                            SHUCK LAW FIRM, P.C.

                                            /s/ Daniel B. Shuck
                                            DANIEL B. SHUCK   SBSD#3563
                                            501 Pierce Street, Suite 205
                                            Sioux City, Iowa   51101
                                            Telephone:   (712) 258-0121
                                            Facsimile:   (712) 258-0125
                                            E-mail: Dan.Shuck@shucklawfirm.com

                                            ATTORNEY FOR PLAINTIFF, SMA, LLC